W. F. TALBOTT, ETC., *v.* PHILLIPS & SCALLY, ETC.

**Lis Pendens—How Created—Commencement of Suit.**

A lis pendens is created, as to specific property sought to be subjected to the payment of particular debts, by the commencement of an action for that purpose. A suit can be commenced in no other way than by filing a petition in the office of the clerk of the proper court and causing a summons to be issued thereon.

**Fraudulent Conveyance—Proper Parties—Jurisdiction.**

In an action to subject property fraudulently conveyed to the debts of the vendor, he, as well as the vendee, must be made parties by appropriate pleading and summons must issue against all of them before a court of equity will take jurisdiction.

**Bankruptcy—Discharge a Bar—Pleading.**

A discharge in bankruptcy will exonerate a bankrupt from the payment of all debts provable under the bankruptcy act, existing at the time he filed his petition, if properly pleaded.

APPEAL FROM WASHINGTON CIRCUIT COURT.

December 16, 1871.

OPINION BY JUDGE LINDSAY:

Appellants claim that there was a lis pendens as to the property sought to be subjected to the payment of their claims against Hood at the time he filed his petition in the bankrupt court.

A lis pendens is created as to specific property sought to be subjected to the payment of particular debts by the commencement of an action for that purpose. *Scott vs. McMullen,* 1 Littell 308; *Watson vs. Watson,* 2 Duvall 410.

Appellants filed their petition in the clerk's office on the 30th of July, 1868, and on that day caused summons to be sued out against the appellees, Scally & Phillips, who are alleged to be the fraudulent vendees of the debtor, Hood.

No summons was sued out against the latter until March 27, 1869. He filed his petition in the proper court and became a voluntary bankrupt on the 29th of December, 1868.

His discharge exonerates him from the payment of all debts proveable under the bankrupt act existing at the time. He filed such petition under the provisions of section 65, Civil Code of Practice. A suit can be commenced in no other way than "by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon." Until the summons was sued out against the debtor, Hood, the action can not be said to have been commenced against him. Appellants insist, however, that it was commenced against the parties holding the legal title to the property, and that this was enough to create an equitable lien thereon in their favor.

The right of appellant to subject the property in the hands of the appellees, conceding them to be fraudulent vendees of Hood, must depend upon their ability to establish the existence of the claims they set up against the latter. He was, therefore, a necessary party to this suit. 2 Duvall 408. They could not make him a party by merely inserting his name in the style of their action and setting out the necessary facts in their petition to show that they were entitled to recover against him. They could only commence the action against him by causing a summons to be issued upon their petition. Up to the 27th of March, 1869, they had failed to do this, and he was therefore not a party to the proceeding prior to that date. Until he was made a party the petition against Scally & Phillips showed no case for the jurisdiction of the chancellor. Until the petition exhibited a state of case authorizing the court to afford the relief sought, and the action has been commenced against all of the indispensable parties, the proceeding could not operate as a lis pendens. *Jones vs. Lusk,* 2 Metcalfe 359; *Pearson vs. Keedy,* 6 B. Monroe 130.

If this view of the law be correct and we are satisfied that it is sustained both by reason and authority, there was no lis pendens as to the property in contest existing on the 29th of December, 1868, when Hood became a bankrupt.

His subsequent discharge, which was properly pleaded, presented a bar to the right of appellants to recover against him, and as they had no subsisting lien on the realty held by appellees at the time Hood became a bankrupt, they were not entitled to subject the property to the judgment on these claims by a proceding in a state court. The judgment dismissing the petition of appellants is therefore *affirmed.*

*Harrison, for appellants.*