## Citizens' Bank of Albany v. Huff et al.

(Decided Dec. 7, 1934.)

J. G. SMITH for appellant.

J. A. FLOWERS and B. J. BETHURUM for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

On October 31, 1933, the appellant brought this suit against C. P. Huff to recover on a note in the sum of $900, then due, which Huff had executed and delivered to the appellant for a loan it made him. The appellant also by this suit sought to set aside certain conveyances made by Huff and his wife of some real estate Huff owned to his codefendants on the ground that such conveyances were fraudulent and had been made with the intent to cheat, hinder, delay, and defraud Huff's creditors. Appellant sought to subject this real estate to whatever judgment it would recover against Huff on the note. On April 5, 1934, Huff filed an answer in which he stated that since the institution of appellant's action against him he had, "on the —— day of ——, 1934," filed in the District Court of the United States for the Western District of Kentucky his voluntary petition in bankruptcy, and that "on the —— day of ——, 1934," he had been duly adjudicated a bankrupt; that in his bankruptcy proceedings he had listed the claim herein sued on by the appellant, and he asked the court to stay further proceedings in this suit. The matter being submitted to the court on this answer, the appellant, as the judgment recites, admitted that it could not recover any judgment against Huff and did not object to a dismissal of the action so far as the same sought a recovery against Huff. Thereupon the court upon this representation of the appellant dismissed absolutely the petition as against Huff. No exception was then or ever after taken by the appellant against this part of the judgment. When the court had adjudged this much, Huff's code-

fendants thereupon moved the court to dismiss the action as against them inasmuch as the foundation of the suit against them, to wit, a claim of the appellant against Huff, had been by consent of the appellant dismissed as to Huff. The court sustained that motion and dismissed the action as against Huff's codefendants, and from the court's action in so doing this appeal is prosecuted.

It is perfectly obvious that the court's action in dismissing the suit as against Huff's codefendants was proper. Unless the appellant had a claim against Huff, it could not complain of what Huff had done with his real estate. While it is true that because of Huff's bankruptcy proceedings no judgment could be secured against Huff that could be enforced by an execution, yet still it was imperative that the appellant have a claim against Huff in order that it might assert whatever rights it had as against Huff's alleged fraudulent grantees. The judgment dismissing plaintiff's petition as against Huff was not without prejudice but an absolute dismissal and in effect adjudged that appellant had no claim against Huff, of any kind. If the appellant had no claim against Huff, it inevitably follows that it certainly could have no claim to set aside any conveyance Huff may have made. In the case of Talbott v. Phillips & Scally, 5 Ky. Op. 401, suit was brought by Talbott in July, 1868, against Scally and Phillips and one Hood to set aside alleged fraudulent conveyances made Scally and Phillips by Hood, who it was claimed was the debtor of Talbott. Summons at once issued against Scally and Phillips but none against Hood. Hood filed his petition in bankruptcy in December, 1868. In March, 1869, summons was issued against Hood in the Scally-Phillips suit. The question in the case was whether a lis pendens had been created against the property involved in the Scally-Phillips suit by the filing of that suit in July, 1868. After setting out that, until a summons had been issued against him, the action could not be said to have been commenced against Hood, this court then considered the contention of Talbott that, although this was true, since the action had been commenced against Hood's alleged fraudulent vendees in July, 1868, in that as against them the summons had been duly issued when the suit was filed, the lis pendens had been created. In holding to the contrary, we said:

"The right of appellant to subject the property in the hands of the appellees, conceding them to be

fraudulent vendees of Hood, must depend upon their ability to establish the existence of the claims they set up against the latter. He was, therefore, a necessary party to this suit. * * * Until he was made a party the petition against Scally & Phillips showed no case for the jurisdiction of the chancellor."

By a parity of reasoning, when the judgment in the instant case dismissed the appellant's petition against Huff, there was thereafter shown no case against his alleged fraudulent grantees for the jurisdiction of the chancellor.

The judgment is affirmed.